IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| KENNETH WAYNE BENJAMIN, § | Bankruptcy Case No. 17-33255 | |
|     Debtor. § | | |
| _____ § | | |
| § | | |
| KENNETH WAYNE BENJAMIN, § | | |
|     Appellant, § | | |
| § | Adversary Case No. 17-3321 | |
| v. § | **CIVIL ACTION NO. H-17-3173** | |
| § | | |
| UNITED STATES SOCIAL § | | |
| SECURITY ADMINISTRATION, § | | |
|     Appellee. § | | |

## **MEMORANDUM AND ORDER**

This case is an appeal from the Order Granting Motion to Dismiss Adversary Proceeding in Adversary No. 17-3321, entered October 11, 2017, by United States Bankruptcy Judge David R. Jones. Appellant Kenneth Wayne Benjamin filed his Appellant's Opening Brief [Doc. # 8], the United States Social Security Administration ("SSA" or "Agency") filed its Appellee's Brief [Doc. # 9], and Appellant filed his Reply Brief [Doc. # 10]. This Court has jurisdiction pursuant to 28 U.S.C. § 158(a) to consider the appeal. Having reviewed the full record and applicable legal authorities, the Court **affirms** the Bankruptcy Court's Order.

## I. BACKGROUND

In July 2004, the Agency advised Benjamin's sister Marie that she had been awarded Social Security disability benefits. In November 2006, Benjamin filed a "Request to be Selected as Payee" with the Agency, asking that he be named his sister's representative payee because she had a mental impairment and lived with him. Through language in the Request form, Benjamin was informed that he would be liable for repayment of any overpayment of benefits to Marie, and that he was required to report to the Agency if Marie started working. In December 2007, the Agency informed Marie and Benjamin that the Agency had granted his request to be Marie's representative payee.

In March 2008, the Agency informed Marie and Appellant that Marie had used five of her nine trial work period months. The Agency explained that Marie and Appellant were required to report to the Agency if Marie went back to work or her pay increased, and that Marie's benefits could be terminated if she used all of her nine trial work months and continued to work thereafter.

In July 2011, the Agency informed Marie and Appellant that Marie had used all nine of her trial work period months. The Agency again explained that Marie and Appellant were required to report to the SSA if Marie went back to work or her pay increased, and that her benefits could stop if she continued to work.

In September 2013, the Agency informed Marie and Appellant that Marie's benefits had ended in May 2012 because of her substantial work activity. The Agency claimed there had been an overpayment of $19,286.90.

In August 2014, the Agency notified Benjamin in writing that he was liable on the overpayment and requested payment in full. In September 2014, Benjamin agreed to have $536.00 withheld from the monthly payment of his own Social Security benefits until the full overpayment was recovered.

In February 2017, the Agency denied Benjamin's request for a waiver of the collection of the overpayment. The Agency explained that Benjamin had been notified that Marie had completed her trial work period and warned that her work and earnings would make her ineligible for disability benefits. The Agency continued to withhold $536.00 from Benjamin's monthly benefits. After the SSA withheld $536.00 from Benjamin's May 2017 payment, $11,782.90 of the overpayment remained outstanding.

On May 30, 2017, Benjamin filed a Chapter 7 bankruptcy petition. On July 31, 2017, he filed the underlying Adversary Proceeding against the Agency challenging the Agency's recoupment of the overpayment by withholding $536.00 from his Social Security benefits. The SSA moved to dismiss the Adversary Proceeding, arguing *inter alia* that the Bankruptcy Court lacked subject matter jurisdiction over the Adversary

Proceeding. By Order signed October 11, 2017, and entered October 13, 2017, the Bankruptcy Court granted the Agency's Motion to Dismiss.

On October 17, 2017, Benjamin filed a Notice of Appeal from the Bankruptcy Court's Order. The parties have filed their respective briefs, and the appeal is now ripe for decision.

## II. STANDARD OF REVIEW

The Court reviews a bankruptcy judge's conclusions of law *de novo* and findings of fact under the "clearly erroneous" standard. *See In re Thaw*, 769 F.3d 566, 368 (5th Cir. 2014); *Matter of Chu*, 679 F. App'x 316, 318 (5th Cir. Feb. 9, 2017). Mixed questions of law and fact are reviewed *de novo*. *See Matter of Cowin*, 864 F.3d 344, 349 (5th Cir. 2017); *In re Positive Health Mgmt.*, 769 F.3d 899, 903 (5th Cir. 2014). This Court "may affirm if there are any grounds in the record to support the judgment," even if it is not clear whether those grounds were relied upon by the Bankruptcy Court. *See In re Green Hills Dev. Co., L.L.C.*, 741 F.3d 651, 656 n. 17 (5th Cir. 2014); *In re Scotia Pacific Co., LLC*, 508 F.3d 214, 218-19 (5th Cir. 2007).

## III. ANALYSIS

The Bankruptcy Court dismissed the Adversary Proceeding based, in part, on its lack of subject matter jurisdiction to consider Debtor's challenges to the SSA's recoupment from Appellant of the overpayment of benefits to Marie. Benjamin

asserts multiple (28) issues on appeal, which fall roughly into three categories: (1) the timeliness of the Agency's Motion to Dismiss; (2) challenges to the Agency's collection of the overpayment; and (3) challenges to the dismissal of the Adversary Proceeding.

With reference to the appeal issues relating to the timing of the Motion to Dismiss, the Bankruptcy Court was obligated to consider *sua sponte* its subject matter jurisdiction even if the parties did not raise the issue. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)); *Passmore v. Baylor Health Care Sys.*, 823 F.3d 292, 295 (5th Cir. 2016). Therefore, whether the Agency challenged the Bankruptcy Court's subject matter jurisdiction in an untimely manner or even if there was no challenge to jurisdiction at all, the Bankruptcy Court was required to consider the issue on its own. The appellate issues regarding the timing of the Motion to Dismiss, therefore, do not provide a basis for reversing the Bankruptcy Court's decision.

The remaining two issues are resolved based on the Bankruptcy Court's lack of subject matter jurisdiction, which required the dismissal of the Adversary Proceeding challenging the Agency's recoupment actions. The United States and its agencies can be sued only if the United States consents, "and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Lehman*

*v. Nakshian*, 453 U.S. 156, 160 (1981). Congress is entitled to prescribe the procedures and conditions under which a party may obtain judicial review of an administrative agency's orders. *See Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958). For judicial review of decisions by the SSA, 42 U.S.C. § 405(g) provides the applicable procedures and conditions:

> Any individual, **after any final decision** of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added); *Wiley v. Soc. Sec. Admin.*, 2016 WL 1643056, *4 (S.D. Tex. Apr. 26, 2016). The judicial review provision of § 405(g) is the "exclusive source of federal court jurisdiction." *See Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007); *Craven v. Colvin*, 2017 WL 28094, *2 (W.D. Wisc. Jan. 3, 2017). A court, including a Bankruptcy Court, "is barred from exercising jurisdiction over the parties' dispute except for conducting judicial review of [the Agency's] final decision." *See In re Bayou Shores SNF, LLC*, 533 B.R. 337, 341 (M.D. Fla. 2015).

In this case, it is undisputed that Benjamin did not follow the required administrative process to challenge the Agency's decision to recover the overpayment of benefits to his sister, Marie. Indeed, instead of appealing the agency determination and obtaining a final decision from the Commissioner of Social Security, Benjamin

entered into an agreement for the Agency to withhold $536.00 from his own monthly Social Security benefit payments. Absent a final decision by the Agency, the Bankruptcy Court lacked subject matter jurisdiction to consider Benjamin's challenge to the Agency's conduct.

Benjamin argues that the Agency's actions forced him to file bankruptcy and, therefore, he should be able to challenge those actions in an Adversary Proceeding. A debtor cannot, however, circumvent his obligation to obtain a final agency decision by filing a bankruptcy petition. *See id.* at 342.

The "final decision" requirement of § 405(g) has not been satisfied in the case. As a result, the Bankruptcy Court correctly determined that it lacked subject matter jurisdiction over the underlying Adversary Proceeding. The Order dismissing that Adversary Proceeding is affirmed.

## IV. **CONCLUSION AND ORDER**

Appellant has not completed the administrative process to challenge the SSA's collection of the overpayment of benefits and, as a result, there is no final agency decision. Absent a final agency decision, the Bankruptcy Court correctly concluded that it lacked subject matter jurisdiction over the underlying Adversary Proceeding. Accordingly, it is hereby

**ORDERED** that the Bankruptcy Court's Order Granting Motion to Dismiss Adversary Proceeding in Adversary No. 17-3321, entered October 11, 2017, is **AFFIRMED**. The Court will issue a separate Final Order.

SIGNED at Houston, Texas, this **26th** day of **January, 2018**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE